HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RUBY E. KETSCHAU,<br><br>    Plaintiff,<br> v.<br><br>DEREK BYRNE and CHRIS RIDEN,<br><br>    Defendants. | CASE NO. 3:19-cv-05973-RBL<br><br>ORDER ON MOTION TO PROCEED<br>IN FORMA PAUPERIS<br><br>DKT. # 1 |

THIS MATTER is before the Court on Plaintiff Ketschau's Motion for Leave to Proceed In Forma Pauperis. Dkt. # 1.

A district court may permit indigent litigants to proceed *in forma pauperis* upon completion of a proper affidavit of indigency. *See* 28 U.S.C. § 1915(a). The court has broad discretion in resolving the application, but "the privilege of proceeding *in forma pauperis* in civil actions for damages should be sparingly granted." *Weller v. Dickson*, 314 F.2d 598, 600 (9th Cir. 1963), *cert. denied* 375 U.S. 845 (1963). The standard governing *in forma pauperis* eligibility under 28 U.S.C. § 1915(a)(1) is "unable to pay such fees or give security therefor." A person is eligible if they are unable to pay the costs of filing and still provide the necessities of life. *See*

*Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 203 (1993) (internal quotations omitted).

The Court allows litigants to proceed *in forma pauperis* only when they have sufficiently demonstrated an inability to pay the filing fee. This generally includes incarcerated individuals with no assets and persons who are unemployed and dependent on government assistance. *See, e.g., Ilagan v. McDonald*, 2016 U.S. Dist. LEXIS 79889, at *2 (D. Nev. June 16, 2016) (granting petition based on unemployment and zero income); *Reed v. Martinez*, 2015 U.S. Dist. LEXIS 80629, at *1, 2015 WL 3821514 (D. Nev. June 19, 2015) (granting petition for incarcerated individual on condition that applicant provides monthly payments towards filing fee). It does not include those whose access to the court system is not blocked by their financial constraints, but rather are in a position of having to weigh the financial constraints pursuing a case imposes. *See Sears, Roebuck & Co. v. Charles W. Sears Real Estate, Inc.*, 686 F. Supp. 385, 388 (N.D. N.Y.), *aff'd*, 865 F.2d 22 (2d Cir. 1988) (denying petition to proceed IFP because petitioner and his wife had a combined annual income of between $34,000 and $37,000).

In addition, a court should "deny leave to proceed *in forma pauperis* at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit." *Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1369 (9th Cir. 1987) (citations omitted); *see also* 28 U.S.C. § 1915(e)(2)(B)(i). An *in forma pauperis* complaint is frivolous if "it ha[s] no arguable substance in law or fact." *Id.* (citing *Rizzo v. Dawson*, 778 F.2d 527, 529 (9th Cir. 1985); *see also Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984). A *pro se* Plaintiff's complaint is to be construed liberally, but like any other complaint it must nevertheless contain factual assertions sufficient to support a facially plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (citing *Bell Atlantic Corp. v. Twombly*,

| | |
|---|---|
| 1 | 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). A claim for relief is facially |
| 2 | plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable |
| 3 | inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. |
| 4 | Ordinarily, the Court will permit pro se litigants an opportunity to amend their complaint in order |
| 5 | to state a plausible claim. *See United States v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. |
| 6 | 2011) ("Dismissal without leave to amend is improper unless it is clear, upon de novo review, |
| 7 | that the complaint could not be saved by any amendment."). |
| 8 |     Here, Ketschau demonstrates that her indigent status qualifies her to proceed in forma |
| 9 | pauperis. In her application, Ketschau states that her only source of income is disability benefits |
| 10 | and that she has no money saved. |
| 11 |     However, Ketschau's Motion nonetheless must be denied because her proposed |
| 12 | complaint does not plausibly state a claim for relief. She alleges claims under the Fifth, Eighth, |
| 13 | Ninth and Fourteenth Amendments against the two individual defendants. Her only description |
| 14 | of the facts surrounding her case is "Faked a appeal process to defraud Ruby Ketschau," for |
| 15 | which she requests 75 million dollars. Dkt. # 1 at 5. She also refers the reader to the |
| 16 | "attachments" to her proposed complaint, which are great in number but do not elucidate what |
| 17 | her claim is about. In short, the Court has no idea what happened to Ketschau or why her federal |
| 18 | rights were violated and will not wade through a plethora of documents to stitch together a |
| 19 | theory. Ketschau therefore does not state a plausible claim for relief. |
| 20 |     Ketschau's Motion is DENIED. Ketschau shall file an amended complaint, or pay the |
| 21 | court's filing fee, within thirty days of this Order. Any amended complaint should articulate the |
| 22 | "who, what, when, where, and why" of her claim by developing its factual content (such as how |
| 23 | |
| 24 | |

and why she was defrauded). If Ketschau does not pay the filing fee or file an amended complaint within thirty days, her case will be DISMISSED.

IT IS SO ORDERED.

Dated this 17th day of October, 2019.

_____
Ronald B. Leighton
United States District Judge