HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RUBY E. KETSCHAU,

    Plaintiff,

  v.

CHARLES M. MCBETH, et al.,

    Defendants.

CASE NO. 3:19-cv-05973-RBL

ORDER

THIS MATTER is before the Court on Plaintiff Ruby E. Ketschau's proposed amended complaint, which was filed after the Court previously denied her motion to proceed *in forma pauperis* based on the implausibility of her first proposed complaint. Dkt. # 2.

A district court may permit indigent litigants to proceed *in forma pauperis* upon completion of a proper affidavit of indigency. *See* 28 U.S.C. § 1915(a). The court has broad discretion in resolving the application, but "the privilege of proceeding *in forma pauperis* in civil actions for damages should be sparingly granted." *Weller v. Dickson*, 314 F.2d 598, 600 (9th Cir. 1963), *cert. denied* 375 U.S. 845 (1963).

A court should "deny leave to proceed *in forma pauperis* at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit." *Tripati v. First*

1 | *Nat'l Bank & Trust*, 821 F.2d 1368, 1369 (9th Cir. 1987) (citations omitted); *see also* 28 U.S.C. § 1915(e)(2)(B)(i). An *in forma pauperis* complaint is frivolous if "it ha[s] no arguable substance in law or fact." *Id.* (citing *Rizzo v. Dawson*, 778 F.2d 527, 529 (9th Cir. 1985); *see also Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984). A *pro se* Plaintiff's complaint is to be construed liberally, but like any other complaint it must nevertheless contain factual assertions sufficient to support a facially plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). A claim for relief is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Ordinarily, the Court will permit pro se litigants an opportunity to amend their complaint in order to state a plausible claim. *See United States v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011) ("Dismissal without leave to amend is improper unless it is clear, upon de novo review, that the complaint could not be saved by any amendment.").

Here, Ketschau's proposed amended complaint asserts claims against totally different defendants than her first proposed complaint. However, the Court still cannot discern the basis of Ketschau's claims. Much of her narrative focuses on the actions of someone named "Kevin Stock" who is not a defendant in the case. The complaint is filled with legal jargon but missing short, plain statements of fact. *See* Fed. R. Civ. P. 8(a)(2). In summary, the Court cannot follow Ketschau's rambling, vague complaint and therefore declines to grant IFP status. Ketschau has 30 days from the date of this order to pay the filing fee. Failure to do so will result in dismissal of her case.

IT IS SO ORDERED.

Dated this 25th day of November, 2019.

*Ronald B. Leighton*
Ronald B. Leighton
United States District Judge